**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MARY MILLS**                                                                                                   **PLAINTIFF**

V.                                       **CASE NO.: 3:10CV00056 BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                                   **DEFENDANT**

**ORDER**

Pending is Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (docket entry #17). In her motion, Plaintiff requests fees in the amount of $1,648.75 and expenses in the amount of $16.62. The Commissioner does not object to the amount requested (#19). Accordingly, Plaintiff's motion (#17) is GRANTED, and Plaintiff is awarded $1,665.37 in fees and expenses.

In her motion, Plaintiff states that she has assigned any attorney fees and costs awarded under the EAJA to her attorney. Plaintiff's counsel attached a copy of the contract he entered into with Plaintiff to his brief in support of Plaintiff's motion for attorney's fees. In the contract, Plaintiff assigned her rights to any EAJA fees and costs awarded in her case to her counsel. (#17-1 at p. 1) The contract also provides that Plaintiff agreed to have any "checks made payable directly to Anthony W. Bartels and sent directly to his address." (#17-1 at p. 1)

1

In his response to the motion, the Commissioner contests the validity of the assignment to the extent that it does not comply with the Anti-Assignment Act, 31 U.S.C. § 3727, which provides, among other things, that in order to be valid, an assignment must be made after a claim is allowed and the amount of the claim is decided. (#19 at p. 2) The Commissioner goes on to admit, however, that it is the government's policy and practice to pay the EAJA fee to the Plaintiff, in care of her attorney, and mail a check directly to the attorney.

Accordingly, the Court will honor the Plaintiff's assignment to the extent Plaintiff does not owe any debts subject to administrative offset under the Treasury Department's Offset Program ("TOP"). The Commissioner shall contact the Treasury Department to determine whether Plaintiff owes any debt, as of the date of this order. If Plaintiff owes any dept under the TOP, the Commissioner shall pay the EAJA award to Plaintiff, deducting any offset owed under the TOP. If Plaintiff does not, however, owe a debt under the TOP, the Commissioner shall make the EAJA award check payable directly to Plaintiff's attorney, Anthony W. Bartels, and mail it to Mr. Bartels.

IT IS SO ORDERED this 24th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE